UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

```
---------------------------------------------------------X
UNITED STATES OF AMERICA,                  :
                                           :  Docket No. 23-1911
                    Appellee,              :
                                           :  **Motion for Reconsideration**
         -against-                         :  **of Clerk's Order and for**
                                           :  **an Order of Default**
JADNEL FLORES-NATER,                       :
                                           :
                    Defendant-Appellant.   :
---------------------------------------------------------X
```

Lucas Anderson, CJA counsel for appellant Jadnel Flores-Nater, respectfully moves this Court for: (1) reconsideration of the June 28, 2024 Clerk Order, pursuant to Local Rule 27.0(d); and (2) an Order of default, pursuant to Federal Rules of Appellate Procedure 31(a)(1) and 26(b), and Internal Operating Procedure VI(D).

## Statement of Facts

1. The initial briefing schedule in this case was set on February 20, 2024. Later that day, the undersigned filed a motion for an extension of time to file the appellant's opening brief. That motion was granted, and Flores-Nater's opening brief and appendix were tendered on April 29, 2024.

2. On April 30, 2024, this Court directed the government to file a response brief by May 29, 2024. That date came and went, and the government did

1

not file a response brief. Instead, at 5:05 p.m. on May 29, the government filed a "motion requesting an extension of time to file [a] brief[,] pursuant to Fed. R. App. P. 26(b)." At no point before then did the government advise the undersigned that it would seek an extension of its filing deadline—an event that has the effect of starting the clock on Flores-Nater's time to prepare and file a reply.

3. Although Rule 26(b) plainly requires a showing of "good cause," the government's May 29 motion advised only that: "The undersigned has been dealing with matters with earlier deadlines and has not been able to complete the brief in the time allotted by this Court." Nevertheless, the government's motion was granted, and it was given permission to file its response brief by Monday, July 1, 2024.

4. It is now July 1. On Friday afternoon, June 28, the government filed a second request for an extension of its briefing deadline. This motion, signed by a different Assistant U.S. Attorney, states that the government "will be unable to meet [its latest] deadline" because of the fact that it tendered briefs in other cases on May 20, 2024 (six weeks ago), and June 18, 2024 (13 days ago). *See United States v. Vasquez-Navaraez*, No. 23-1963, and *United States v. Marrero Burgos*, 22-1387 (docket sheets attached as Exhs. A & B, respectively). In addition, the government's most recent motion states: (1) "The undersigned is also working on reviewing and editing briefs of other appellate AUSAs as part of the internal tiered

review process"; (2) "The undersigned takes the Court's deadlines seriously and is not requesting this extension for reasons of delay"; and (3) "The undersigned intends to file the government's response for this appeal as expeditiously as possible."

5. Approximately one hour after the government's second motion was filed, an Order was entered granting the government's request.

6. Based on a review of the cases cited in the government's most recent motion, the highly unprofessional and discourteous practice of filing requests for deadline extensions *on or immediately before* a previously set deadline appears to be a common one. *See, e.g.,* Exhs. A & B. Moreover, it must be noted that in each of those cases, the government's successive eleventh-hour requests for month-long deadline extensions were substantively identical to its recent motion in this case—down to the same "takes the Court's deadlines seriously" and "intends to file . . . as expeditiously as possible" language. *See* Exs. C & D (second adjournment requests in *Vazquez-Navaraez* and *Marrero Burgos*, respectively).

7. The government's second last-minute requests for deadline extensions in *Vazquez-Navaraez* and *Marrero Burgos* were granted, each time with the proviso that the Court was "disinclined to grant a request for further enlargement of this deadline." Exhs. A & B. And yet, one month later—*again, on the*

3

*deadline*—the government filed *another* substantially identical request for an extension of time in *Marrero Burgos*. Exhs. B & E.

**<u>Statement</u>**

8. Whether the Court shares the undersigned's skepticism that the government "takes this Court's deadlines [at all] seriously," or that it in fact "intends to file [its] response . . . as expeditiously as possible," that particular office's apparently common practice of waiting until the last minute to file deadline extension requests without a good reason for doing so is extremely unprofessional and discourteous.

9. I have now, for the second time this summer, adjusted my work schedule based on an expectation of when I will be working on a reply brief in this case. For example, based in part on the now-evident misapprehension that a representative of the Department of Justice, or *any* lawyer practicing before a federal appeals court, would not wait until the last minute to seek a deadline extension (without even informing opposing counsel beforehand), and would certainly not do so twice in the same case, I previously asked for an extension of time to file a petition for certiorari in one case and requested that co-counsel file a request for an extension of time to file the opening merits brief in another Supreme Court matter. In addition, I recently declined to pursue appointment to a new CJA

assignment in the Second Circuit based in large part on the expectation that I would be particularly busy this July.

10. Procedural motions like this are something the undersigned ordinarily endeavors to avoid. If the government had not apparently made it a matter of standard practice (if not office policy) to wait until the last minute to file deadline adjournment requests in this Court (*see, e.g.,* Exhs. A & B), *or* if it had provided me *some* reasonable advance notice of the fact that it would file such requests, I would not be seeking the relief sought herein (and likely would not have objected to the government's requested extensions after discussing the matter with my client). However, the government's conduct reaches the point that, under the relevant local and federal rules, my client is entitled to relief, and I would be remiss in not bringing those authorities to the Court's attention.

## **Argument**

11. Fed. R. App. P. 31(a) provides a default 30-day deadline for the filing of an appellee's brief, while Rule 31(c) specifically provides that "[a]n appellee who fails to file a brief *will not* be heard at oral argument unless the court grants permission." *See also Casco Indem. Co. v. Rhode Island Interlocal Risk Mgmt. Trust*, 113 F.3d 2, 3-4 (1st Cir. 1997) (collecting cases). Along similar lines, this Court's Internal Operating Procedure VI(D) provides that, "when an appellee is in default as to filing a brief, the appellee *will not* be heard at oral argument," and

5

such appellee may only "remove the default by showing *special circumstance justifying the failure to comply*."

12. Of course, default briefing deadlines may be adjusted to account for relevant circumstances. (Indeed, when the undersigned determined that this appeal would likely involve a complex and evolving legal issue, I filed a request for a briefing extension and provided the government *plenty* of time to raise an objection *before* the previously set deadline came and went. *Supra* ¶ 1.) That is why Rule 26(b) allows for deadlines to be extended. But that relatively concise provision, which the government cited in their initial motion here, makes it clear that requests for deadline extensions must be supported by "good cause." *See generally Mississippi v. Turner*, 498 U.S. 1306, 1306-07 (1991) (Scalia, J.) (interpreting "good cause" in a similar context); *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351-57 & n.6 (3d Cir. 2011) (discussing "good cause" in various contexts).

13. Here, the government did not present "good cause" for either of their deadline extension requests. Indeed, it is clear that the government's most recent request was cut-and-pasted, with only slight alterations, from other last-minute requests previously filed in other cases. *See* Exhs. C, D, E. Even the most lenient interpretation of "good cause" could not be satisfied by boilerplate.

14. Moreover, to the extent that a lawyer's being assigned to more than one matter at any given time could ever, by itself, justify an extension to a long-standing deadline, that would only be true insofar as the request is made as early as practicable. *Cf. Hess Oil Virgin Islands Corp,* 651 F.3d at 356-57 ("While appellate counsel contends that he had other obligations during the week [of the relevant deadline], he does not claim to have been unaware of those obligations well in advance, nor does it appear that he is so encumbered by them that requiring compliance with the deadline would be unreasonable A busy schedule, by itself, is not good cause for more time.").

15. Where a party waits until the eleventh hour to file a Rule 26(b) request based on the fact that it recently[1] filed documents in other cases, a *minimal* attempt to satisfy the "good cause" requirement would *at least* provide *some* explanation for the last-minute nature of the request. No such attempt was made here.

---

[1] As noted above, one of the two briefs government counsel describes as filing "[i]n the past weeks" was tendered on May 20, a full six weeks before the already-extended July 1 deadline they were somehow "unable to meet" in this case. *Supra*, ¶ 4; Ex. A.

## Conclusion

16. The government is, now for the second time, in default. Therefore, on reconsideration, the June 28 Order granting the government's most recent motion should be reversed, and this case should proceed to oral argument. In addition, given the mandatory language of Rule 31(c) ("will not") and IOP VI(D) (same), if the government wishes to be heard at oral argument it should be required to demonstrate, by way of a motion with supporting evidence, "special circumstance justifying [it]s failure to comply" with this Court's previously scheduled deadlines.

Dated:    New York, New York    Respectfully submitted,
            July 1, 2024

/s/ Lucas Anderson_____
Lucas Anderson
*Of Counsel*
Rothman, Schneider,
    Soloway & Stern, LLP
100 Lafayette Street, Suite 501
New York, New York 10013
(212) 571-5500