# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## APPEAL No. 23-1911

## UNITED STATES OF AMERICA,
Appellee,

## v.

## JADNEL FLORES-NATER, a/k/a Potro,
Defendant-Appellant.

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

---

## BRIEF FOR APPELLEE

---

W. Stephen Muldrow
United States Attorney

Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

Gregory B. Conner
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax (787) 771-4050

# TABLE OF CONTENTS

Introduction ................................................................................................1

Jurisdictional Statement ...........................................................................2

Statement of the Issue on Appeal ...........................................................3

Statement of the Case ...............................................................................4

Summary of the Argument.......................................................................14

Argument ....................................................................................................16

    The district court imposed a reasonable sentence, having
    explained why it chose the selected sentence based on
    considerations that this Court has sanctioned ......................................16

        A.    Most, if not all, of Flores's claims in this second appeal
              are waived ...................................................................................17

        B.    The district court followed the correct procedure and
              imposed a procedurally reasonable sentence ........................20

        C.    The upwardly variant sentence was substantively
              reasonable...................................................................................29

Conclusion...................................................................................................33

## FEDERAL CASES

Gall v. United States, 552 U.S. 38 (2007) ..................................................... 20–22

Holguin-Hernández v. United States, 140 S. Ct. 762 (2020)............................18

United States v. Acevedo-Vázquez, 977 F.3d 85 (1st Cir. 2020) .....................29

United States v. Benjamín-Hernández, 49 F.4th 580 (1st Cir. 2022) ..............30

United States v. Bunchan, 580 F.3d 66 (1st Cir. 2009).....................................31

United States v. Burgos-Balbuena, --- F.4th ----, No. 22-1660,
    2024 WL 3912196 (1st Cir. Aug. 23, 2024) ......................................................27

United States v. Carbajal-Váldez, 874 F.3d 778 (1st Cir. 2017) ......................28

United States v. Colón de Jesús, 831 F.3d 39 (1st Cir. 2016) ..........................29

United States v. Colón-Cordero, 91 F.4th 41 (1st Cir. 2024)..................... 26–27

United States v. Colón-De Jesús, 85 F.4th 15 (1st Cir. 2023) .............. 18–20, 30

United States v. Cortés-Medina, 819 F.3d 566 (1st Cir. 2016) ........... 23, 27, 32

United States v. Díaz-Rivera, 957 F.3d 20 (1st Cir. 2020) ...............................11

United States v. Fígaro-Benjamín, 100 F.4th 294 (1st Cir. 2024) ......................4

United States v. Flores-González, 34 F.4th 103 (1st Cir. 2022)................. 11, 25

United States v. Flores-González, 86 F.4th 399 (1st Cir. 2023).......................11

United States v. Flores-Machicote, 706 F.3d 16 (1st Cir. 2013) ......................25

United States v. Flores-Nater, 62 F.4th 652 (1st Cir 2023) ...................... passim

United States v. Graciani-Febus, 800 F.3d 48 (1st Cir. 2015)...........................31

United States v. Hernández-Ramos, 906 F.3d 213 (1st Cir. 2018) .................28

United States v. Jurado-Nazario, 979 F.3d 60 (1st Cir. 2020) .........................28

United States v. Laureano-Pérez, 797 F.3d 45 (1st Cir. 2015) .........................20

United States v. Martin, 520 F.3d 87 (1st Cir. 2008) .........................................29

United States v. McCullock, 991 F.3d 313 (1st Cir. 2021) ......................... 17–18

United States v. Meléndez-Hiraldo, 82 F.4th 48 (1st Cir. 2023).............. 10, 30

United States v. Polaco-Hance, 103 F.4th 95 (1st Cir. 2024)..................... 31, 33

United States v. Rivera-Carrasquillo, 933 F.3d 33 (1st Cir. 2019)...................32

United States v. Rivera-Gerena, --- F.4th ----, No. 23-1066,
 2024 WL 3811668 (1st Cir. Aug. 14, 2024) ......................................................28

United States v. Rosario-Merced, 109 F.4th 77 (1st Cir. 2024) ..... 17, 20, 24–25

United States v. Ruiz-Huertas, 792 F.3d 223 (1st Cir. 2015).............. 17, 23, 29

United States v. Santiago-Rivera, 744 F.3d 229 (1st Cir. 2014) ................ 26, 32

United States v. Severino-Pacheco, 911 F.3d 14 (1st Cir. 2018) .....................27

United States v. Tosi, 897 F.3d 12 (1st Cir. 2018) ..............................................32

United States v. Vázquez-Rosario, 45 F.4th 565 (1st Cir. 2022) .....................17

United States v. Vega-Santiago, 519 F.3d 1 (1st Cir. 2008).............................19

United States v. Vélez-Soto, 804 F.3d 75 (1st Cir. 2015)...................................16

United States v. Viloria-Sepúlveda, 921 F.3d 5 (1st Cir. 2019) ......................16

United States v. Zannino, 895 F.2d 1 (1st Cir. 1990).........................................23

United States v. Zapata-Vázquez, 778 F.3d 21 (1st Cir. 2015) .......................31

## **FEDERAL STATUTES**

18 U.S.C. § 1201(a) .........................................................................................5

18 U.S.C. § 3231.............................................................................................2

18 U.S.C. § 3553(c) .......................................................................................22

18 U.S.C. § 3742(a) .........................................................................................2

18 U.S.C. § 924(j)(1) .......................................................................................5

28 U.S.C. § 1291.............................................................................................2

## **OTHER AUTHORITIES**

UCR, 2018 Crime in the United States, Table 4: "Crime in the United States by Region, 2018," available at https://ucr.fbi.gov/ crime-in-the-u.s/2018/crime-in-the-u.s.-2018/topic-pages/tables/table-4 ...................26

## INTRODUCTION

This is the second appeal of Jadnel Flores-Nater's criminal sentence. In the first appeal, this Court determined that while his crimes were reprehensible, the district court had not provided a sufficient explanation for its chosen sentence. *See generally United States v. Flores-Nater*, 62 F.4th 652 (1st Cir 2023). So it vacated the sentence and remanded so that the district court could provide Flores with a more thorough explanation for its sentence. The district court did just that—it explained why it imposed an upwardly variant sentence over the course of the roughly 45-minute resentencing hearing. One of Flores's main complaints was that the district court provided new reasons for its upwardly variant sentence. But that was precisely the point of the remand. This Court determined that Flores was entitled to more of an explanation than he had received at the initial sentencing hearing. He raises procedural and substantive claims to argue his sentence was unreasonable. But because the district court's robust explanation sufficed under this Court's precedent, this Court should reject those claims and affirm.

## JURISDICTIONAL STATEMENT

The district court had original jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Following this Court's decision in *United States v. Flores-Nater*, 62 F.4th 652 (1st Cir. 2023), the district court resentenced defendant-appellant Jadnel Flores-Nater and entered an amended judgment on October 11, 2023. (DE 442). Flores filed a timely notice of appeal of that judgment. (DE 445).[1]

---

[1] The Docket Entries, designated by "DE," come from District of Puerto Rico case number 18-cr-516; "AB" is the Appellant's Brief; "AA" is the Appellant's Appendix; and "SA" is the Sealed Appendix.

## STATEMENT OF THE ISSUE ON APPEAL

Whether, in resentencing Flores, the district court erred or abused its discretion in imposing a greater variance than the one the parties recommended where the district court explained at length the reasons for its decision.

## STATEMENT OF THE CASE

**Kidnapping and Murder[2]**

Appellant Jadnel Flores-Nater, along with four other gang members, drove to a public housing project. (SA 4). All carrying firearms, they forced rival gang member WGE into a car and drove him to a remote location. (*Id.*). One of the other four members of his gang handed Flores a revolver, which he used to shoot WGE in the head, killing him. (*Id.*). After that initial shot, the gang members continued shooting WGE, effectively obliterating his face. (*Id.*; DE 456 at 14).

A federal grand jury indicted Flores with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1); using, carrying, brandishing, or discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and using, carrying, or discharging a firearm in furtherance of a crime of violence causing murder, in violation of 18 U.S.C. § 924(j)(1). (AA 18–20).

---

[2] Because this is an appeal from a guilty plea, the facts stem from the plea agreement, the undisputed portions of the presentence report, and the transcripts of the change-of-plea hearing and the sentencing hearing. *United States v. Fígaro-Benjamín*, 100 F.4th 294, 299 n.1 (1st Cir. 2024).

Flores pleaded guilty to count two under the terms of a plea agreement. (AA 21–31). The government agreed to dismiss the other two counts, as well as all counts in another case against the defendant. (AA 27). Both of the dismissed counts in the indictment in this case carried a mandatory minimum of life imprisonment. (*See* AA 18, 19–20); *see also* 18 U.S.C. §§ 924(j)(1) & 1201(a). The parties agreed to jointly recommend a sentence of 300 months of imprisonment "after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a)" even though the guidelines called for a sentence of 120 months. (AA 23).

The district court imposed a sentence of 360 months. (AA 39). But this Court determined that the district court had failed to provide an explanation for the chosen sentence other than referencing the sentencing factors in 18 U.S.C. § 3553(a). *Flores-Nater*, 62 F.4th at 656. Those considerations were too generic, without a sufficient connection to the particularities of Flores's case. *Id.* And while Flores's crimes were "reprehensible crimes," the district court did not satisfy its burden of explanation by citing the facts of the case without emphasis on which particular facts warranted the sentence it imposed. *Id.* at 657. So this Court remanded for the district court to provide

a more thorough explanation. *Id.* But it "[took] no view as to the appropriate length of the sentence to be imposed in the proceedings to follow." *Id.*

**Remand Proceedings**

At the resentencing hearing, Flores began by asking the court to take into consideration Flores's age at the time of the events. (DE 456 at 3). He pointed to other mitigating considerations, including his family support and rehabilitative progress while incarcerated. (DE 456 at 3–5). Flores asked the Court to honor the First Circuit's decision and impose the sentence requested in the plea agreement.  (DE 456 at 5–6).

The government, for its part, stated that it recommended 300 months under the plea agreement. (DE 456 at 6). The government further explained, that its recommendation "is an upward variance, which is supported by the nature and circumstances of the offense, which include that the defendant participated in the kidnapping of the victim and in the murder of the victim." (*Id.*).

Flores allocuted, first by apologizing to the court, the government, and to his family. (DE 456 at 6–7). Then he thanked his family members for their support. (DE 456 at 7).

The district court began by explaining that the case had been remanded after this Court held that it failed to offer a plausible rationale. (DE 456 at 7). The court remarked that it would provide ample support for its 360-month sentence. (*Id.*).

The district court reviewed the relevant Sentencing Guidelines, stating that his advisory Guidelines range for pleading guilty to count two was 120 months. (DE 456 at 7–8). It mentioned that Chapter 4 of the Guidelines was not applicable, but had it applied, Flores's prior juvenile adjudications and adult convictions would have placed him in criminal history category III. (DE 456 at 8). The court expressed that it had considered the sentencing factors in 18 U.S.C. § 3553(a), as well as the presentence report, the plea agreement, Flores's sentencing memorandum, trial testimony by co-defendant Luyando, the arguments by both parties, and Flores's allocution. (*Id.*).

The district court reviewed Flores's background, including his juvenile adjudication for possessing weapons and ammunition and resisting arrest, as well as his adult conviction for conspiracy to possess controlled substances. (DE 456 at 9). The court considered his age (then, 23 years old),

his lack of employment history, and use of marijuana and Percocet. (*Id.*). The court also mulled Flores's family history and the lack of mental or emotional issues. (*Id.*).

Then the district court summarized the First Circuit's decision, directing the district court to make clear what facts motivated its chosen sentence. (DE 456 at 9–11). So it stated explicitly: "The following facts motivate this Court to impose a sentence that is just and appropriate in accordance with the Section 3553 factors. These facts convey the nature and circumstances of the offense and the characteristics of the offender." (DE 456 at 11).

The court described how Flores and his codefendants drove to a housing project to kidnap and murder rival gang member WGE. (DE 456 at 11–14).[3] The foursome each carried a firearm, the district court explained, because they were all prepared to commit murder. (DE 456 at 12).[4] They

_____

[3] The court made an aside to reiterate that it found Luyando's trial testimony was sufficiently reliable, and that it was drawing on that testimony in its explanation. (DE 456 at 11–12).

[4] Though there was a factual discrepancy as to whether others told Flores "Your day has come," or whether Flores said that to WGE, the district court

approached WGE's apartment with their guns drawn and demanded that WGE come outside. (DE 456 at 13). Flores placed his gun in WGE's back and told him not to run or he would shoot him. (*Id.*). They placed WGE into the car, stopped to pick up Huertas-Mercado, and proceeded to a dark place in the countryside. (*Id.*). Once at the destination, the group of four ordered WGE out of the car and Flores shot WGE in the head, killing him. (*Id.*). "WGE was 20 years old, just one year older than Mr. Flores, at the time of the offense." (DE 456 at 12). Flores and Melendez-Hiraldo burned the car. (DE 456 at 13). The defendants fired 22 total shots into WGE, obliterating his face, and the district court cited Layundo's trial testimony that Flores continued firing his weapon. (DE 456 at 12–13). The district court expressed that count two of the indictment, to which Flores pleaded guilty, "fail[ed] to account for the odious acts committed by Mr. Flores." (DE 456 at 14).

Then the district court considered the Guidelines stemming from Flores's guilty plea to count two of the indictment. (DE 456 at 14–15). The district court explained that the Guidelines for violating 18 U.S.C. § 924(c)

---

clarified that the factual discrepancy was "immaterial to [its] sentencing analysis." (DE 456 at 12–13).

were the minimum term of imprisonment required by statute regardless of the underlying crime or individual characteristics of the defendant. (DE 456 at 14). But, quoting this Court in *United States v. Meléndez-Hiraldo*, the district court explained that "'to be convicted under 18 U.S.C. § 924(c)(1)(A)(iii), a death need not result from the crime of violence.'" (DE 456 at 14–15 (quoting 82 F.4th 48, 56 (1st Cir. 2023))). "'[T]he fact that the crime of violence resulted in death here was not accounted for anywhere in the guideline calculation because, pursuant to Sentencing Guideline Section 2K2.4(b), the guidelines sentence was the minimum term of imprisonment required by statute.'" (DE 456 at 15 (quoting 82 F.4th at 56)). So, the district court concluded, a Guidelines sentence failed to reflect the seriousness of Flores's sentence. (DE 456 at 15).

The court moved to the related consider of the other counts in the indictment which the parties agreed to dismiss under the plea agreement. (DE 456 at 15). The court discussed how the dismissal of counts one and three removed the sentencing exposure of mandatory life imprisonment and added that the agreement acknowledged that the Guidelines failed to encapsulate the full extent of Flores's crimes. (*Id.*). It again quoted this

Court's caselaw, specifically where this Court held that a district court may "consider the seriousness of the other charges in the indictment which the parties have agreed to dismiss pursuant to the plea agreement." (*Id.*).[5] The district court concluded that the dismissed charges weighed in favor of a higher sentence. (*Id.*).

Having thoroughly considered the particular facts in Flores's case, the district court considered the high rates of gun violence in Puerto Rico as the backdrop to Flores's crimes. (DE 456 at 15–16). The court reviewed several of this Court's decisions regarding community considerations, ultimately concluding that the high violent crime rate in Puerto Rico, which stood in stark contrast to other jurisdictions in the First Circuit, further weighed in favor of a stiffer sentence. (DE 456 at 15–21).[6]

---

[5] *See United States v. Díaz-Rivera*, 957 F.3d 20, 28 (1st Cir. 2020) ("discern[ing] no error" where district court, among other factors, "considered the seriousness of the other charges in the indictment, which the parties had agreed to dismiss pursuant to the plea agreement").

[6] The resentencing hearing took place after this Court withdrew its panel decision in *United States v. Flores-González*, 34 F.4th 103 (1st Cir. 2022), but before it issued its en banc decision, *United States v. Flores-González*, 86 F.4th 399 (1st Cir. 2023) (en banc).

Recognizing that it cannot consider community violence without relating it to Flores's case, the court returned to factor in Flores's role in the kidnapping and murder. (DE 456 at 21). "This case represents a confluence of crime that regrettably is common in Puerto Rico," the district court explained. (*Id.*). It described how the defendants abducted WGE in stolen vehicles, kidnapped him by threatening to shoot him, drove him to a remote location, and murdered him to eliminate a rival gang member. (*Id.*). The court described that the killing was "calculated," and how WGE must have been terrified during the ominous drive from the public house project until his death. (DE 456 at 22). It was just one of the 641 murders in Puerto Rico in 2018. (*Id.*). The court refused to "view WGE as a number, losing sight of the gravity of this offense. The statistics aid the Court in providing context, however, highlighting the need for general and specific deterrence in an island plagued by crime." (*Id.*).

The court determined that the 300-month sentence did not reflect the seriousness of the offense, promote respect for the law, protect the public from additional crimes by Flores, or address the issues of deterrence and punishment. (DE 456 at 22). Instead, the district court imposed a sentence of

360 months' imprisonment and supervised release term of five years. (DE 456 at 23).

After the district court provided its explanation, spanning twelve pages in the sentencing transcript, it accepted Flores's request that the court recommend he be assigned to the McDowell Correctional Facility in West Virginia. (DE 456 at 23–24). When the court asked if there was "[a]nything else," the defense answered in the negative. (DE 456 at 24). There was no objection by either party to the sentence imposed. (*See id.*).

This appeal followed.

This Court should affirm because the district court sufficiently explained why it imposed a sentence above the Guidelines. The district court pointed to concerns that this Court has approved of in affirming upwardly variant sentence: placing emphasis on Flores's particularly brutal murder of WGE; explaining why the count of conviction does not capture Flores's offenses because a death need not result for that offense; considering the seriousness of other charges in the indictment that were dismissed in the plea agreement; and complimenting the case-specific facts with the backdrop of Puerto Rico's high murder rate. So its explanation at the resentencing hearing sufficiently justified the variant sentence imposed.

Flores's arguments to the contrary are unavailing. Neither party objected to the sentence imposed, and Flores's substantive argument is not the general claim that his sentence was unreasonably long, so his claims would be subject to plain error. But he fails to brief the prongs of plain error, waiving most or all of his appeal.

Flores also complains that the district court offered new reasons for the sentence that it imposed, calling it a "newfound explanation." But the whole

point of the resentencing was for the district court to provide a more thorough basis for the sentence. So Flores cannot succeed just because the district court remedied the errors from the initial sentencing. Flores also complains that the district court improperly weighed community considerations and chose arbitrary comparisons. But the district court permissibly connected the murder that Flores committed to Puerto Rico's high murder rate. That Flores committed his offense in a community plagued with gun violence appropriately informed the need for deterrence and protection of the public. Finally, the record refutes the idea that the district court failed to consider Flores's mitigation arguments relating to his youth. The district court considered his arguments but found them unpersuasive.

This Court should affirm.

**The district court imposed a reasonable sentence, having explained why it chose the selected sentence based on considerations that this Court has sanctioned**

## Issue

Flores contends that the district court failed to ground the sentence it imposed on case-specific considerations. (AB 17–22). He argues that the district court focused too much on the community by noting its concern about Puerto Rico's high rates of gun violence. (AB 18–25). Flores concludes by arguing that the district court abused its discretion by failing to consider his youth at the time of his offenses. (AB 25–27).

## Standard of Review

This Court reviews preserved sentencing challenges, procedural and substantive, for abuse of discretion. *United States v. Viloria-Sepúlveda*, 921 F.3d 5, 8 (1st Cir. 2019). Within that framework, this Court reviews "a district court's factual findings for clear error, and its interpretation and application of the Guidelines de novo." *United States v. Vélez-Soto*, 804 F.3d 75, 77 (1st Cir. 2015).

Unpreserved claims are reviewed for plain error. *United States v. Rosario-Merced*, 109 F.4th 77, 82 (1st Cir. 2024) (holding argument not raised before the district court is reviewed "at best, for plain error"). Plain error requires that he show: (1) an error occurred; (2) it was clear or obvious; (3) it affected his substantial rights; and (4) it seriously impaired the fairness, integrity, or public reputation of judicial proceedings. *United States v. Ruiz-Huertas*, 792 F.3d 223, 226 (1st Cir. 2015). It is a "daunting standard." *Id.* The appellant must establish an error under "binding authority." *United States v. McCullock*, 991 F.3d 313, 322 (1st Cir. 2021). A failure to address the four prongs of plain error amounts to waiver of the issue. *United States v. Vázquez-Rosario*, 45 F.4th 565, 571 (1st Cir. 2022).

## Discussion

### A.    Most, if not all, of Flores's claims in this second appeal are waived

Flores did not object to the district court's explanation below, so the claims that he raises for the first time on appeal are subject to plain error. *Rosario-Merced*, 109 F.4th at 82. But he fails to address the four prongs of plain error, waiving those claims. *Vázquez-Rosario*, 45 F.4th at 571. This Court can dispense of this second appeal on the basis of waiver alone.

The Supreme Court explained that a defendant preserves a substantive reasonableness challenge that his sentence is too long by requesting a lower sentence below. *Holguin-Hernández v. United States*, 140 S. Ct. 762, 767 (2020). But preserving a general claim that a sentence is too long does not preserve more specific substantive reasonableness challenges, such as a claim that the district court failed to provide a sufficient explanation for the sentence. *United States v. Colón-De Jesús*, 85 F.4th 15, 25–26 (1st Cir. 2023) ("Here, Colón did not raise before the district court any of the specific, substantive challenges that he now argues on appeal, thus they are unpreserved and plain error review applies."). And reviewing Flores's brief, his substantive challenge does not contend that his sentence was "unreasonably long." *See Holguin-Hernández*, 140 S. Ct. at 767. So, absent any objection from Flores below, his claims in this second appeal must overcome the daunting plain error standard. *Colón-De Jesús*, 85 F.4th at 25–26.[7]

---

[7] While Flores is correct that some sentencing challenges are viewed as overlapping procedural and substantive issues (AB 25 n.8), that does not relieve an appellant from preserving those issues or addressing the appropriate standard of review. *McCullock*, 991 F.3d at 318 (procedural challenge to district court's explanation must be preserved); *Colón-De Jesús*,

Ignoring all of this, Flores argues that he could not have predicted what the district court would address in its sentencing explanation, so he casts his arguments as subject to abuse of discretion. (AB 17 n.6). But that the district court addressed considerations like the grave nature of the offense should have come to no surprise and could not be an impediment to an objection to his sentence. *United States v. Vega-Santiago*, 519 F.3d 1, 5 (1st Cir. 2008) ("Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise. . . ."). His position on remand was no different than any other defendant who would not know of a district court's sentencing decision and reasoning until the hearing. If anything, he was in a better position, having experienced the initial sentencing. And there was nothing preventing him from lodging an objection at the conclusion of the hearing, which would have provided the district court the opportunity to rectify any errors. With no objection whatsoever, and *Holguin-Hernández* inapplicable, *Colón-De Jesús*, 85 F.4th at

---

85 F.4th at 25–26 (substantive challenge to district court's explanation must be preserved).

25–26, both his procedural and substantive claims are subject to plain error and waived for failure to brief plain error. *Rosario-Merced*, 109 F.4th at 82.

Even if this Court were to bypass waiver, it should conclude that his sentencing challenges are unavailing.

**B.     The district court followed the correct procedure and imposed a procedurally reasonable sentence**

The district court reviewed this Court's decision directing it to explain the aspects of Flores's case that drove the chosen sentence. It followed that instruction and explained itself at length. This Court has approved of the considerations the district court used in its explanation. There was no procedural error.

Flores cannot establish plain error because the sentence was procedurally reasonable. The court below followed the ordinary procedure in reaching its sentencing decision. Federal district courts follow a standard procedure in handing down sentences, one set forth in *Gall v. United States*, 552 U.S. 38 (2007). The district court's "starting point" is to determine the advisory guideline range. *Id.* at 49. That includes resolving any objections to the presentence report. *United States v. Laureano-Pérez*, 797 F.3d 45, 80 (1st Cir. 2015). The parties then present their arguments on what they believe is

the appropriate sentence. *Gall*, 552 U.S. at 49. After that, the district court must weigh the factors in section 3553(a) to determine whether they support the sentences requested by the parties. *Id.* The district court is required to provide an explanation for the sentence it determines is appropriate; that allows for meaningful appellate review and promotes the perception of fair sentencing. *Id.* at 50.

There was no procedural error in this case. The district court heard arguments from the parties (DE 456 at 2–6) and acknowledged the materials it reviewed in reaching its decision: the presentence report, the plea agreement, Flores's sentencing memorandum, trial testimony by co-defendant Luyando, the arguments by both parties, and Flores's allocution. (DE 456 at 8). The court then reviewed the relevant provisions of the Guidelines, noted the Guidelines in Flores's case was the mandatory minimum (120 months), and then reviewed this Court's decision vacating the initial sentencing decision. (DE 456 at 7–10). The Court signposted the facts of the kidnapping and murder that motivated its sentencing decision (DE 456 at 11) and explained why Flores's count of conviction failed to account for the "odious acts committed by [him]." (DE 456 at 11–15). The

district court also considered the seriousness of the other offenses in the indictment dismissed under the plea agreement. (DE 456 at 15). And, having detailed the particularities of Flores's offense, the court then factored in the backdrop of violent crime in Puerto Rico. (DE 456 at 15–19). To be sure that it had sufficiently tied that consideration to Flores's case, the court then reflected that Flores's offenses "represent[ed] a confluence of crime that regrettably is common in Puerto Rico." (DE 456 at 21). By imposing a sentence outside of the Guidelines range, the court showed that it was not confused by its sentencing discretion. And by explaining at length why it felt 360 months was the appropriate sentence, the court sufficiently explained itself consistent with this Court's decision, *Flores-Nater*, 62 F.4th at 657, § 3553(c), and it thus allowed for "meaningful appellate review." *Gall*, 552 U.S. at 50. The court's explanation was procedurally sound.

Flores's procedural arguments are unavailing. Flores seems to argue, albeit without support, that the district court erred for providing a "previously unmentioned explanation for the sentence imposed." (AB 16; *see also* AB 12). But this Court remanded so that the district court could provide a more thorough explanation because the first time around, it "[could ]not

say what specific factors shaped the full extent of the court's upwardly variant sentence." *Flores-Nater*, 62 F.4th at 657. The district court would have repeated that same error had it remained as terse. So there was not clear and obvious error under binding precedent that the district court elaborated more the second time around, especially when the court relied on matters already established in the record.

Flores also seems to fault the district court in "rejecting the parties' stipulated sentencing request" of 30 years. (AB 16, 17, 21).[8] But his argument on this point is undeveloped and waived as a result. *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). In any event, this Court has repeatedly held that district courts do not have to "accord any decretory significance to [the parties'] non-binding recommendation[s]." *United States v. Cortés-Medina*, 819 F.3d 566, 573 (1st Cir. 2016); *see also Ruiz-Huertas*, 792 F.3d at 228 ("[W]hile a district court may have a duty adequately to explain its choice of a particular sentence, it has no corollary duty to explain why it eschewed

---

[8] Flores incorrectly writes that this argument would be subject to abuse of discretion. (AB 16). Again, this unpreserved argument would be subject to plain error, but Flores waived it for failure to brief the four prongs of plain error. *Rosario-Merced*, 109 F.4th at 82.

other suggested sentences."). In fact, this Court reiterated that holding in Flores's first appeal. *Flores-Nater*, 62 F.4th at 657. So Flores fails to establish a clear and obvious error under binding precedent in the rejection of the parties' joint recommendation.

Flores's next argument—that his sentence was "based on nothing more than the geographic location where [his] crime took place" (AB 16)—is plainly refuted by the record. The district court highlighted the aspects of Flores's case that "motivate[d]" its sentencing decision (DE 456 at 11, 12–15), and then it again tied the community considerations to Flores's case after discussing violent crime in Puerto Rico. (DE 456 at 21–22). Thus, "the district court did not decide [Flores's] sentence by evaluating only community characteristics." *Rosario-Merced*, 109 F.4th at 84. He considered them alongside the individualized considerations of Flores's case—namely, the "odious" nature of the murder and kidnapping, and the insufficiency of count two to capture those particularities. (*E.g.*, DE 456 at 14–15). "This killing was calculated and instilled fear in WGE until the moment of his death." (DE 465 at 22). The district court permissibly discussed Puerto Rico's high homicide rate with an eye toward general deterrence. *Rosario-Merced*,

109 F.4th at 84.[9] So there was "no error, let alone a plain error, in the district court's consideration of all these relevant factors." *Id.*

Flores also makes the argument that the defendant made in *Rosario-Merced*: that the district court erred by comparing Puerto Rico's murder rate to other First Circuit jurisdictions. (AB 21–22). But this Court held that the district court doing so in *Rosario-Merced* "was not a reversible error." 109 F.4th at 84. So while it is true that the better comparison for the district court would have been national averages, *Rosario-Merced*, 109 F.4th at 85 n.5, Flores cannot establish a clear and obvious error under binding precedent when this Court has effectively rejected the same argument he raises. *Rosario-Merced*, 109 F.4th at 84.[10]

---

[9] This Court should reject Flores's hypothetical (AB 23) out of hand—were a district court judge to vary downward in a federal prosecution involving murder, based solely on a defendant committing an offense outside of Puerto Rico, the district court would err by "focus[ing] too much on the community and too little on the individual." *United States v. Flores-Machicote*, 706 F.3d 16, 24 (1st Cir. 2013).

[10] By way of further explanation, timing was likely relevant to the district court's comparison. The resentencing in this case fell in between the panel decision and en banc decision in *Flores-González*, and the district court commented that there were separate opinions in that case. (DE 456 at 18–19); *see also Flores-González*, 34 F.4th at 120–21 (Kayatta, J., Concurring) (pointing to Portland, Maine and Boston, Massachusetts when considering a District

Flores's final procedural argument that the district court refused to acknowledge his mitigation arguments regarding his young age are also refuted by the record. The district court reviewed Flores's age as it detailed his personal characteristics and history. (DE 456 at 9). It also expressed that it had reviewed the sentencing considerations in § 3553(a) (DE 456 at 9), and "[s]uch a statement is entitled to significant weight."). *United States v. Santiago-Rivera*, 744 F.3d 229, 233 (1st Cir. 2014). The court also explicitly stated that it considered the presentence report, Flores's sentencing memorandum, and the arguments presented by Flores's counsel—all of which reflected his age (*see* DE 456 at 3, 8, 9; SA 2, 16–19)—rendering *United States v. Colón-Cordero* inapplicable. *See* 91 F.4th 41, 56 (1st Cir. 2024) (district

---

of Puerto Rico judge's sentencing rationale). Likewise, the timing of the resentencing refutes Flores's contention (AB 16) that the district court was expressing its disagreement with (or criticizing) this Court's precedent; instead, it was describing the disagreement that led this Court to take *Flores-González* en banc.

Further, while this Court was right to indicate that a comparison to national averages is the more appropriate metric, because other First Circuit jurisdictions are closer to the national average than Puerto Rico, the key point that Puerto Rico exceeds typical homicide rates on the mainland remains accurate. *See* UCR, 2018 Crime in the United States, Table 4: "Crime in the United States by Region, 2018," available at https://ucr.fbi.gov/crime-in-the-u.s/2018/crime-in-the-u.s.-2018/topic-pages/tables/table-4.

court failed to acknowledge or consider primary mitigation argument). So "these potentially mitigating factors were before the district court at sentencing," and "[t]here is not the slightest reason to think that the district court overlooked them." *Cortés-Medina*, 819 F.3d at 570–71. Flores's contention that the district court failed to consider or ignored his mitigation arguments is unavailing. *United States v. Severino-Pacheco*, 911 F.3d 14, 22 (1st Cir. 2018) (noting that although "the emphasis on his personal circumstances was not as apparent as [the defendant] would have preferred, brevity is not to be confused with inattention" (internal quotation omitted)). In fact, the court separately recognized Flores's age in comparison to his victim, who it said was a year older. (DE 456 at 12); *Cf. Colón-Cordero*, 91 F.4th at 56. The district court, therefore, "sa[id] enough from which [this Court] could [know or] fairly infer how it felt about [Flores's] dominant mitigation argument." *Id.; United States v. Burgos-Balbuena*, --- F.4th ----, No. 22-1660, 2024 WL 3912196, at *5 (1st Cir. Aug. 23, 2024) ("[A] sentencing court need not specifically rebut every argument that a defendant makes, so long as the record makes reasonably clear that the court considered the pertinent sentencing factors.").

Flores cannot establish that the district court erred, let alone plainly erred, in the procedure it employed in the resentencing. This Court should reject his procedural arguments.

*    *    *    *

Flores attempts to preclude the government from advocating affirmance based on the claim that doing so would breach the plea agreement signed by the parties. This Court need not waste too much time on that argument because it has already rejected it. *See, e.g.*, *United States v. Jurado-Nazario*, 979 F.3d 60, 62-63 (1st Cir. 2020); *United States v. Carbajal-Váldez*, 874 F.3d 778, 786–87 (1st Cir. 2017). In short, the government does not breach a plea agreement on appeal. *United States v. Hernández-Ramos*, 906 F.3d 213, 215 (1st Cir. 2018). Rather, the government's position shifts from that in district court to appellee in a criminal appeal, where it may defend a sentence or judgment and the district court's reasoning so long as it is a lawful judgment. *Carbajal-Váldez*, 874 F.3d at 786–87. Flores's argument in this regard is "futile." *United States v. Rivera-Gerena*, --- F.4th ----, No. 23-1066, 2024 WL 3811668, at *4 n.2 (1st Cir. Aug. 14, 2024).

### C. The upwardly variant sentence was substantively reasonable

The district court also imposed a substantively reasonable sentence. Flores received 35 years' imprisonment for a brutal kidnapping and murder of a rival gang member. The court explained why the count of conviction did not account for the nature of the kidnapping and murder. And while the variance in this case was steep, the resulting sentence was also below the life sentence mandated by statute for the two dismissed counts. The district court gave a plausible rationale and the sentence was a defensible result.

A sentence is substantively reasonable "so long as it rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" *Ruiz-Huertas*, 792 F.3d at 228 (quoting *United States v. Martin*, 520 F.3d 87, 96 (1st Cir. 2008)). This Court has explained that the universe of substantively reasonable sentences has "expansive boundaries." *United States v. Acevedo-Vázquez*, 977 F.3d 85, 89 (1st Cir. 2020). And it affords "considerable deference" to the district court's judgment in assessing the substantive reasonableness of a sentence. *United States v. Colón de Jesús*, 831 F.3d 39, 42 (1st Cir. 2016).

As outlined above, Flores's substantive argument relates to what he calls "the manifest absurdity" of the district court's rationale (AB 24) and not a broader claim that his sentence was unreasonably long. *Colón-De Jesús*, 85 F.4th at 25–26 ("Here, Colón did not raise before the district court any of the specific, substantive challenges that he now argues on appeal, thus they are unpreserved and plain error review applies."). The argument is unpreserved and waived for failure to brief plain error. *United States v. Benjamín-Hernández*, 49 F.4th 580, 589 (1st Cir. 2022). Even if this Court were to bypass waiver, however, Flores's sentence was substantively reasonable.

The rationale that the district court employed was plausible. It explained that the particularly odious nature of Flores's kidnapping and murder of WGE was what drove it to believe that a 35-year sentence was appropriate. (DE 456 at 12–15). The district court also explained that Flores's count of conviction, count two, did not capture the brutality of the kidnapping and murder because that statutory provision did not require the crime of violence to result in death. (DE 456 at 14–15 (quoting *Meléndez-Hiraldo*, 82 F.4th at 56)). Flores's criminal history, moreover, was not a part of the Guidelines calculation, as his Guidelines were the minimum

prescribed by statute. (DE 456 at 8; *see also* SA 8). And the district court reviewed the idiosyncrasies of Flores's case alongside its concern about the high murder rate in Puerto Rico. *United States v. Polaco-Hance*, 103 F.4th 95, 102 (1st Cir. 2024) (quoting *United States v. Zapata-Vázquez*, 778 F.3d 21, 23 (1st Cir. 2015)) ("We have deemed 'well-settled' the principle that the district court 'may take into account the characteristics of the community in which the crime took place when weighing the offense's seriousness and the need for deterrence.'"). The district court's rationale is in line with this Court's precedent.

The result was also a defensible result. Flores both participated in the kidnapping of WGE with his fellow gang members and when it came time to Murder WGE, it was Flores who fired the killing shot. (SA 4). For kidnapping and murder, the 35-year sentence was within the broad universe of reasonable sentences. *United States v. Bunchan*, 580 F.3d 66, 72 (1st Cir. 2009) ("We conclude that the district court did not abuse its discretion in imposing a thirty-five-year term of imprisonment."); *United States v. Graciani-Febus*, 800 F.3d 48, 53 (1st Cir. 2015) (holding 360-month sentence for offenses involving murder was substantively reasonable); *see also*

*Santiago-Rivera*, 744 F.3d at 231 (affirming 360-month sentence for non-fatal shooting of police officer). Flores and his codefendants, moreover, did not stop at murder—they obliterated WGE's face and destroyed evidence of their acts by burning the car. (SA 5; DE 456 at 13, 22); *see, e.g.*, *United States v. Rivera-Carrasquillo*, 933 F.3d 33, 43 (1st Cir. 2019) (describing trial testimony regarding erase-the-face style executions).

Flores's substantive arguments seem to simply recast his procedural arguments. This Court may therefore reject them for the same reasons that the procedural arguments fail. *United States v. Tosi*, 897 F.3d 12, 15 (1st Cir. 2018) (rejecting substantive-reasonableness arguments that "essentially rehash [defendant's] already-rejected procedural-reasonableness claims"). But if this Court elected to address them in more depth, the substantive reasonableness arguments should fail as well. The district court sufficiently explained the upwardly variant sentence that it chose to account for the brutal kidnapping and murder. (DE 456 at 12–15, 21–22). The district court did not ignore Flores's mitigation arguments; rather, it weighed those considerations alongside the aggravating factors and determined that the 360-month sentence was appropriate. *Cortés-Medina*, 819 F.3d at 570–71. And

the district court's consideration of community factors in contextualizing the need for deterrence was permissible under this Court's precedent. *Polaco-Hance*, 103 F.4th at 102. Flores's arguments to the contrary are unavailing.

## CONCLUSION

The district court imposed a reasonable. Most of Flores's claims are waived because there was no objection below and Flores failed to brief plain error. In any event, this second time around, the district court sufficiently justified the 360-month sentence. This Court should affirm.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this Tuesday, August 27, 2024.

W. Stephen Muldrow
United States Attorney

Mariana E. Bauzá-Almonte
Assistant United States Attorney
Chief, Appellate Division

/s/ Gregory B. Conner
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax (787) 771-4050

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

**Certificate of Compliance with Rule 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type-Style Requirements

1. This brief complies with the type-volume limitation in Fed. R. AA P. 32(a)(7)(B) because:

   ☑ the brief contains <u>6,794</u> words, excluding the parts of the brief exempted under Fed. R. App. P. 32(f), *or*

   ☐ the brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted under Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements in Fed. R. App. P. 32(a)(5) and the type-style requirements in Fed. R. App. P. 32(a)(6) because:

   ☑ the brief has been prepared in a proportionally spaced typeface and, except for emphases, in a plain, roman style using <u>Book Antiqua</u> in <u>14 point</u>, *or*

   ☐ the brief has been prepared in a monospaced typeface using _____ with _____.

Dated: August 27, 2024                    /s/ Gregory B. Conner
                                          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 27, 2024, I filed the above brief

with the Clerk of Court using the Court's electronic-filing system, which sent

a notification of the filing to the appellant through his attorney of record, a

registered user of the system.


/s/ Gregory B. Conner
Assistant United States Attorney